## UTAH-APEX MINING CO. et al. v. INDUSTRIAL COMMISSION OF .UTAH et al.

No. 5069.   Decided July 6, 1931.   (1 Pac. [2d] 240.)

*Bagley, Judd & Ray,* of Salt Lake City, for plaintiffs.

*Geo. P. Parker,* Atty. Gen., and *P. G. Ellis,* of Salt Lake City, for defendants.

CHERRY, C.J.

This is a review of proceedings had before the Industrial Commission, wherein compensation was awarded to Jack Warnick, an employee of Utah-Apex Mining Company, for accidental injuries sustained during the course of his employment on March 13, 1927.   The injuries consisted of a dislocation of the right hip and a crushing fracture of a bone or bones of the right foot.   Numerous hearings before the Industrial Commission were had and several orders made, from time to time, for the payment of compensation. It appears that the foot injury became progressively worse. On February 21, 1928, compensation for temporary total disability from date of injury to February 17, 1928, plus 30 weeks for loss of function to right leg, was ordered.   On October 3, 1928, an order was made for $31\frac{1}{4}$ weeks' additional for further loss of function to right foot.   On July 12, 1929, payments were ordered for temporary total disability to February 29, 1929, and 50 weeks' additional for 40 per cent loss of function to ankle.   On March 19, 1930, the last preceding order was modified, and payments of

$16 per week ordered continued from February 13, 1930, during period of total disability, but not to exceed 6 years. The insurance carrier admitted liability, and complied with the first three orders of the commission by making the indicated payments, but it opposed and now contests the last order of March 19, 1930, upon the asserted ground that the payments already made satisfy its liability, and that the employee's continued disability is due to other causes than the original accident and injury.

It is not denied that the employee is suffering total disability on account of the physical condition of his foot. The contention is that upon the facts adduced the commission was bound to find that his present disability was caused in whole or at least in part by a gonorrheal infection contracted about two years after the accident and a year before the last hearing.

The record shows that from the time of the accident the foot injury did not yield to the careful and continuous medical treatment given it, but steadily grew worse. This is indicated by the results of the respective hearings. The injury occurred March 13, 1927. In January or February, 1929, the employee contracted gonorrhea, for which he was treated by an urologist, who testified that the employee came in for treatment about five times, and left off coming before he was through with the treatments. At the last hearing the medical evidence was in substance that in March, 1927, the employee had his right hip dislocated and his right ankle severely crushed. He was treated for 3 months at a hospital, and discharged with a cast on his right foot. He thereafter was treated by another physician who operated on him about 2 years ago and removed some bone fragments. The operative wound healed, and he was able to walk with a cane. There has been persistent pain in the ankle ever since the injury. He now has a hypertrophic osteoarthritis of the joint. Examination disclosed the presence of focal gonorrheal infection in the urethra and prostate, the probable result of insufficient treatment of an acute attack the year previous. One physician said

that, if there had been no accidental injury, the employee would not have the present condition in the ankle; that the condition is probably aggrevated by the chronic infection; that he expected the ankle would get worse unless the infection was cleared up, when it might be limited to its present field. Another medical witness stated that the focal infection of gonorrhea could attack the ankle injury or any injury, but that it cannot be definitely stated that because of the injury it would be more likely to attack it; in other words, it is likely to attack any joint.

The Industrial Commission found as a fact that the disability of the employee was attributable to the accident and not to the intervening disease. The question to be decided is whether that finding is sustained by competent evidence. Unless the proof of gonorrheal infection and its relation to his disabled condition commands a finding to the contrary, the finding must be sustained. We readily conclude that the speculative and uncertain evidence of the relation of the disease to the physical condition of the ankle joint was quite insufficient to require a finding of any causal connection between the two, and that the Industrial Commission was justified in attributing the disability to accident.

AWARD AFFIRMED.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.